UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SALLY HATFIELD, and similarly situated
individuals, TRACI IVELENE GLAUSIER, and
similarly situated individuals,

    Plaintiffs,

v.                                                                         Case No.  5:11-cv-416-Oc-10TBS

A+ NURSETEMPS, INC., a Florida for profit
corporation doing business as Nurstemps, Inc.,

    Defendant.
_____

## ORDER

Pending before the Court is Plaintiffs' Motion to Compel Defendant's Response to Plaintiffs' First Set of Interrogatories.  (Doc. 19).  Upon due consideration of the relevant filings (including Defendant's response (Doc.  27) and Plaintiffs' supplemental filing (Doc. 30)), the Court GRANTS Plaintiffs' motion in part and DENIES the motion in part.

### I. Background

On June 8, 2011, Plaintiffs Sally Hatfield and Traci Ivelene Glausier, on behalf of themselves and other similarly situated individuals, filed an action in state court against their former employer A+ Nursetemps, Inc. d/b/a Nurstemps, Inc. for unpaid overtime compensation and liquidated damages, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.  (Doc. 2).  The case was removed to federal court on July 20, 2011 based on diversity jurisdiction.  (Doc. 1).  Plaintiffs' motion to compel Defendant's responses to their first set of interrogatories (Doc. 19) is now ripe for review.

II.  Discussion

Parties may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1).  It is not necessary that the material be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.  Federal Rule of Civil Procedure 33 allows parties to serve upon each other interrogatories which relate to any matter that may be inquired into under Rule 26(b).  The handbook entitled Middle District Discovery (2001)[1] directs that "[i]nterrogatories should be brief, simple, particularized, unambiguous, and capable of being understood. . . ." Middle District Discovery (2001) at 15.  Form interrogatories are "ordinarily inappropriate." Id. at 16.

Rule 33 limits each party to "no more than 25 written interrogatories, including all discrete subparts," and directs that each interrogatory be answered "separately and fully in writing under oath." FED. R. CIV. P. 33(a)(1), (b)(3).  An opposing party must state its grounds for objection with specificity. See id. at (b)(4). Upon motion, the court may compel a party to answer the interrogatories. See FED. R. CIV. P. 37.  If the motion to compel is granted, the court must direct the party whose conduct necessitated the motion, "or the attorney advising that conduct, or both," to compensate the movant for "reasonable expenses incurred in making the motion, including attorney's fees," except in certain limited circumstances. Id. at (a)(5)(A).

---

[1] The Middle District Discovery (2001) handbook can be found on the Court's main website, http://www.flmd.uscourts.gov, under the "Forms & Publications" tab.

On June 7, 2011, Plaintiffs served Defendant with their First Set of Interrogatories. (Doc. 30).  Defendant responded to the interrogatories on September 23, 2011. (Doc. 27-2).  Plaintiffs now (a) claim that Defendant's responses to Interrogatories 2, 3, 4, and 19 are inadequate, and (b) request that this court enter an order compelling Defendant to provide adequate responses.  (Doc. 19).

A. General Objections to Interrogatories 2, 3, 4, and 19

Defendant's answer to the interrogatories contains twelve (12) general boilerplate objections which are later incorporated into the specific objections to each individual interrogatory.  (Doc. 27-2 at 3-7, 17-18).  These general objections lack the specificity required by FED. R. CIV. P. 33(b)(4)[2] and many repeat the same objections made in response to the individual interrogatories.  Accordingly, these general objections are OVERRULED.

B. Interrogatory No. 2

Plaintiffs asked Defendant to:

> Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which suit was filed.

(Doc. 30 at 5).  Defendant has made several specific objections to this second interrogatory.  First, Defendant objects on the ground that the total number of interrogatories, including sub-parts, exceeds the twenty-five (25) allowed by the federal rules.  (Doc. 27-2 at 6).  Courts use the "related question" test to "determine whether a

---

[2] FED. R. CIV. P. 33(b)(4) provides that "[t]he grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."

subpart to an interrogatory should be considered discrete and counted separately." Ingole v. Certain Underwriters at Lloyd's of London, No. 8:08-cv-1089-T-27EAJ, 2009 U.S. Dist. LEXIS 41478, at *2 (M.D. Fla. May 4, 2009). "Under the 'related question' test, courts assess whether the subparts are 'logically or factually subsumed within and necessarily related to the primary question.'" Id. at *2-3. The undersigned has applied the "related question" test to Plaintiffs' second interrogatory and concludes that Defendant's objection is due to be OVERRULED. Further inquiry into the details and circumstances that surround Defendant's role in a previous litigation is logically subsumed within a question concerning Defendant's prior exposure to litigation.

Second, Defendant's objection to the interrogatory on the grounds that it is irrelevant, over broad, and seeks information not reasonably calculated to lead to discoverable evidence is OVERRULED. Defendant's mere recitation of buzz words–without any further explanation– is insufficient to meet the requirements of FED. R. CIV. P. 33(b)(4). Similarly, Defendant's third objection– that the term "lawsuit" is vague– is without merit and is due to be OVERRULED. See Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D. Fla. 2007) ("Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court.").

Lastly, Defendant argues that Plaintiffs' request violates the attorney-client privilege and the work product protection doctrine. ( Doc. 27-2 at 6). In diversity cases, the application of the attorney-client privilege is governed by state law. See Allstate Ins. Co. v. Levesque, 263 F.R.D. 663, 666 (M.D. Fla. 2010) (citing 1550 Brickell Assocs. v. Q.B.E. Ins. Co., 253 F.R.D. 697, 699 (S.D. Fla. Oct. 2008)). Pursuant to Florida Statute

4

§ 90.502, the attorney-client privilege is invoked when a client consults a lawyer for the purpose of "obtaining legal services" or confers with a lawyer who is currently rendering legal services. Unique problems arise in the context of corporate claims of attorney-client privilege and the Florida Supreme Court requires a corporation to demonstrate the following to assert the privilege:

> (1) the communication would not have been made but for the contemplation of legal services; (2) the employee making the communication did so at the direction of his or her corporate superior; (3) the superior made the request of the employee as part of the corporation's effort to secure legal advice or services; (4) the content of the communication relates to the legal services being rendered, and the subject matter of the communication is within the scope of the employee's duties; [and] (5) the communication is not disseminated beyond those persons who, because of the corporate structure, need to know its contents.

1550 Brickell Associates, 253 F.R.D. at 699 (citing Southern Bell Tel. & Tel. Co. v. Deason, 632 So. 2d 1377, 1383 (Fla. 1994)). In this case, Defendant's attorney-client privilege objection lacks the specificity mandated by F<small>ED</small>. R. C<small>IV</small>. P. 33(b)(4) and 1550 Brickell Associates. Defendant has not explained the basis for its privilege assertion and has failed to direct the Court's attention to a corresponding privilege log.

Defendant's objection on the basis of work-product protection is also deficient. Generally, a party may not discover documents and tangible things that are prepared in anticipation of litigation "by or for another party or its representative (including the other party's attorney)," unless "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." F<small>ED</small>. R. C<small>IV</small>. P. 26(b)(3)(A). Here, Defendant merely asserts the protection without providing any justification for the objection. Defendant

5

neither argues that the information was created in anticipation of litigation nor identifies the creator of the work-product. Accordingly, Defendant's attorney-client privilege and work product protection objections are OVERRULED.

C. <u>Interrogatory No. 3</u>

Plaintiffs request that Defendant:

> [I]dentify all current and former employees who worked for you from January, 2008 to the present date, and provide each persons name, last known address, and description of their job.

(Doc. 30 at 6). Defendant has made several specific objections to this third interrogatory. First, Defendant objects on the ground that the total number of interrogatories, including sub-parts, exceeds the twenty-five (25) allowed by the federal rules. (Doc. 27-2 at 6). The undersigned has applied the "related question" test to Plaintiffs' third interrogatory and concludes that Defendant's objection is OVERRULED. Plaintiffs' request will be counted as a single interrogatory, the purpose of which is to identify the name, last known address, and job description of all current and former employees who worked for Defendant within a specific time period. For this reason (as well as the lack of specificity as required by FED. R. CIV. P. 33(b)(4)), the undersigned finds that Defendant's "over broad" objection to the interrogatory is also OVERRULED. Defendant's third objection— that the term "job" is vague— is without merit and is OVERRULED. See <u>Milinazzo</u>, 247 F.R.D. at 695.

Next, Defendant objects to this interrogatory on the basis that it seeks personal information of people not parties to this case which would violate the Right to Privacy in the Florida Constitution. (Doc. 27-2 at 6). "Under Florida law, Defendant does not have

6

standing to object on the basis of its employees' privacy rights. While Florida recognizes an individual's right of privacy in article I, section 23 of the Florida Constitution, the right is personal to the individual. The employees whose privacy interests [may be] implicated in this case have not objected" to the disclosure of their names, addresses, or job descriptions. Moss v. GEICO Indem. Co., No. 5:10-cv-104-Oc-10TBS, 2012 U.S. Dist. LEXIS 27611, at *12-13 (M.D. Fla. Mar. 2, 2012) (citing Alterra Healthcare Corp. v. Estate of Shelley, 827 So. 2d 936, 940-41, 944 (Fla. 2002)). Accordingly, Defendant's objection is OVERRULED.

Lastly, Defendant objects to this third interrogatory because "it seeks information outside the scope of Plaintiffs' work unit" and is therefore impermissibly broad. (Doc. 27-2 at 6) (citing Earley v. Champion Intn'l. Corp., 907 F. 2d 1077, 1084 (11th Cir. 1990)). The Court has examined Earley, rejects its use of "work unit," and finds the case to be generally unpersuasive, as it relates to the circumstances of the action currently pending before this Court. The undersigned also finds that Defendant's objection is devoid of any supporting facts, which violates FED. R. CIV. P. 33(b)(4). Accordingly, this objection is OVERRULED.

   D. Interrogatory No. 4

   Plaintiffs ask:

> For each person identified in your response to the preceding interrogatory, please describe how those individuals were paid, for instance, if each individual was paid a salary, please state what that salary was, or if any individual was paid on an hourly basis please state their rates of pay.

(Doc. 30 at 6). Defendant has made several specific objections to this fourth interrogatory. First, Defendant objects on the ground that the total number of

interrogatories, including sub-parts, exceeds the twenty-five (25) allowed by the federal rules. (Doc. 27-2 at 7). Applying the "related question" test to Plaintiffs' fourth interrogatory results in a finding that Defendant's objection is OVERRULED. Plaintiffs' request will be counted as a single interrogatory, the purpose of which is to learn the manner in which each employee identified in the previous question was paid. Second, as explained in section II.B, supra, Defendant's mere recitation of buzz words is insufficient to meet the requirements of FED. R. CIV. P. 33(b)(4). Therefore, it's objection on the ground that the interrogatory is "overly broad in temporal and operational scope" is OVERRULED. See Milinazzo, 247 F.R.D. at 695. Likewise, Defendant's third objection– that the interrogatory is "unduly vague"– is without merit and is due to be OVERRULED.

Next, Defendant objects to this interrogatory on the basis that it seeks personal information of people not parties to this case which would violate the Right to Privacy in the Florida Constitution. (Doc. 27-2 at 7). Again, "[u]nder Florida law, Defendant does not have standing to object on the basis of its employees' privacy rights." Moss, 2012 U.S. Dist. LEXIS 27611, at *12-13. The employees whose privacy interests may be implicated in this interrogatory have not objected to the requested discovery. "This does not necessarily mean, however, that such important nonparty rights should not be considered, or that the right to privacy and the right to know should not be weighed, during the discovery process." Alterra healthcare Corp. v. Estate of Shelley, 827 So.2d 936, 944 (Fla. 2002). "Federal courts have recognized a 'heightened standard of relevance' for discovery of information contained in personnel files." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169,184 (E.D. Pa. 2004). This Court is sensitive to the

interests of those non-parties and is concerned by Plaintiffs' request for information regarding their compensation. On this issue, at this time, the balance weighs in favor of the interests of the non-parties and Defendant's objection to disclosure of their rates of pay is SUSTAINED.

Lastly, Defendant objects to this fourth interrogatory because "it seeks information outside the scope of Plaintiffs' work unit" and is therefore impermissibly broad. (Doc. 27-2 at 7). As the Court explained in section II.C, supra, it rejects Defendant's argument in this regard. Accordingly, this objection is OVERRULED.

E. Interrogatory No. 19

Plaintiffs ask Defendant to:

> State the name, address and telephone number of all Certified Public Accounting firms, accountants, accounting services, bookkeeper services and payroll services which provided services to Defendant for the three years preceding the filing of this lawsuit.

(Doc. 30 at 14). Defendant has made several specific objections to this interrogatory. Defendant objects on the ground that the interrogatory "is not a definite single question but a series of distinct and discrete questions about separate jobs" and that the total number of interrogatories, including sub-parts, exceeds the twenty-five (25) allowed by the federal rules. (Doc. 27-2 at 17). Applying the "related question" test to this particular interrogatory results in a finding that Defendant's objection is OVERRULED. Plaintiffs' request will be counted as a single interrogatory, the purpose of which being to identify any entity responsible for providing accounting/bookkeeping services for Defendant's company.

9

Defendant also objects to this interrogatory on the ground that Plaintiffs seek personal information for "employees currently employed in a management position because they are supervisors and by definition Plaintiffs' counsel may not speak to them without defense counsel's permission." (Id.). Defendant fails to offer any details from which this Court could conclude that the accountants/bookkeepers are management-level employees of Defendant's company. Without such details, this objection is insufficient to meet the requirements of the federal rules. Accordingly, this objection is OVERRULED.

Third, as explained in section II.B, supra, Defendant's mere recitation of buzz words is insufficient to meet the requirements of FED. R. CIV. P. 33(b)(4). Therefore, it's objection on the ground that the interrogatory is irrelevant, over broad, and seeks information not reasonably calculated to lead to discoverable evidence is OVERRULED. See Milinazzo, 247 F.R.D. at 695. Likewise, Defendant's objection on the grounds that the phrase "provided services" is vague is without merit and is due to be OVERRULED.

### III. Attorney's Fees and Expenses

The federal rules mandate an award of fees and expenses against any party that necessitates a motion to compel where, as here, the motion is granted and was caused by that party's failure to provide responsive answers to discovery requests. FED. R. CIV. P. 37(a)(5)(A).[3] The Court will not award fees and expenses if (a) the motion was filed

---

[3] See FED. R. CIV. P. 37(a)(5)(A) ("If the motion [to compel discovery] is granted–or if the disclosure or requested discovery is provided after the motion was filled–the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").

without the moving party having made a good faith effort to obtain the discovery without court action, (b) the Court determines that the response of the non-moving party was substantially justified, or (c) if other circumstances make an award of expenses unjust. See id. None of these exceptions are presented here. Plaintiffs represents that their counsel:

> [H]as tried on numerous occasions to resolve this matter without Court intervention and has made repeated requests that the Interrogatories referenced herein be answered. In spite of Plaintiffs' request, defense counsel has not answered the above-referenced interrogatories thereby necessitating the filing of this Motion.

(Doc. 19 ¶ 7). Upon due consideration of the foregoing, and because Plaintiffs prevailed on all except one point in their motion, Plaintiffs are entitled to reimbursement of the fees and expenses incurred in preparing and filing the motion to compel.

## IV. Conclusion

Upon due consideration, it is hereby ORDERED that:

1. Plaintiffs' motion to compel responses to Interrogatories 2, 3, 4, and 19 (Doc. 19) is GRANTED except that Defendant does not have to disclose the non-parties' rates of pay. Defendant shall provide this discovery within ten (10) days from the rendition of this order.

2. Pursuant to FED. R. CIV. P. 37(a)(5)(A), within ten (10) days of the date of this order, Plaintiffs shall advise the Court of the amount of expenses and attorney's fees incurred in preparing and filing the motion to compel. Defendant shall have fourteen (14) days to file its paper, if any, in opposition to the amount requested by Plaintiffs.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on April 17, 2012.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel