UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SALLY HATFIELD, and similarly situated
individuals, TRACI IVELENE GLAUSIER,
and similarly situated individuals, and
VICTORIA LIVENGOOD,

    Plaintiffs,

v.                                    Case No. 5:11-cv-416-Oc-10TBS

A+ NURSETEMPS, INC., a Florida for profit
corporation doing business as Nurstemps,
Inc.,

    Defendant.
_____

## ORDER

    This Court's Order on Plaintiffs' Motion to Compel Defendant's Response to Plaintiffs' First Set of Interrogatories awarded Plaintiffs their reasonable attorneys' fees and costs incurred in connection with the motion. (Doc. 34). Plaintiffs have now filed their Affidavit of Attorney for Plaintiffs in Support of Attorneys Fees Regarding Plaintiffs' Motion to Compel Defendant's Answers to Interrogatories and attorney, Kenneth Martin Hesser's Affidavit as to Reasonable Attorney's Fees. (Docs. 37 and 38). Defendant objects to the amount sought by Plaintiffs for the reasons set forth in Defendant's Opposition to Plaintiffs' Petition for Reasonable Attorneys' Fees. (Doc. 43). This issue is ripe for decision.

    According to his affidavit, attorney Edwin A. Green, III expended 11.4 hours on behalf of Plaintiffs in connection with the motion to compel. (Doc. 37). A total of 3.3 hours of this time was billed at $225 per hour and the remaining 8.1 hours was billed

at $275 per hour. No explanation has been provided for the increase in Mr. Green's hourly rate which took effect between January 4 and January 11, 2012. Based upon these rates and hours, the amount Plaintiff seeks should be $2,970. For reasons unknown to the Court, Plaintiffs request $3,032. (Id.) Defendant argues that $1,000 is reasonable. (Doc. 43).

The Court utilizes the federal lodestar approach to the determination of a reasonable attorneys' fee for Plaintiffs. The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party.[1] In computing the lodestar amount, the Court must consider the factors enumerated in Rule 4-1.5(b) of the Florida Rules of Professional Conduct.[2] Once the Court has determined the lodestar, it may adjust the amount upward or downward based upon a number of

---

[1] Id.; Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994)(per curiam).

[2] See Florida Patient's Compensation Fund v. Rowe 472 So.2d 1145 (Fla. 1985). The factors to be considered as guides in determining a reasonable fee include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature; (4) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained; (5) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of efforts reflected in the actual providing of such services; and (8) whether the fee is fixed or contingent, and, if fixed as to amount or rate, then whether the client's ability to pay rested to any significant degree on the outcome of the representation.

factors including the results obtained.[3]  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."[4]

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'"[5]  The Court is "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."[6]

Plaintiffs have submitted the affidavit of Kenneth Martin Hesser as their fee expert.  (Doc. 38).  Mr. Hesser is a member of the Florida Bar and has practiced law in Marion County, Florida for 11 ½.  He testified that he is familiar with the time and labor required to perform the legal services properly; he is familiar with Mr. Green's experience, reputation and ability; and that fees in this case were billed at the rates of $225 and $275 per hour.  In Mr. Hesser's opinion, a reasonable fee for Mr. Greene's services is $3,032.

---

[3] Storfer v. Guarantee Trust Life Ins. Co., 666 F.3d 1277, (11th Cir. 2011)(citing Insurance Co. of North America v. Lexow, 937 F.2d 569, 571 (11th Cir. 1991).

[4] Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

[5] Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001)(quoting Hensley, 461 U.S. at 436).

[6] Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."[7] The applicant bears the burden of producing satisfactory evidence that the requested rates are in line with the prevailing market rates.[8]

Plaintiffs have failed to provide any information about Mr.Green's experience or expertise. They have also failed to present evidence that the rates charged by the firm are consistent with prevailing rates in this market for comparable lawyers and involving similar matters. However, the Defendant does not contest the hourly rates claimed by Plaintiffs (Doc. 43) and based upon its knowledge of market rates in Central Florida, the Court finds that the requested hourly rates are reasonable.

Next, the Court must determine the number of hours reasonably expended by Plaintiffs's counsel. Once the prevailing party produces adequate billing records, the fee opponent "has the burden of pointing out with specificity which hours should be deducted."[9] Defendant disputes the reasonableness of the hours claimed by Plaintiffs' counsel. The Court has considered the requested hours both in the aggregate and on a line-by-line basis together with Defendant's objections and finds the time sought is excessive.

---

[7] Norman, 836 F.2d at 1299.

[8] Id.

[9] Rynd v. Nationwide Mutual Fire Ins. Co., No. 8:09-cv-1556-T-27TGW, 2012 U.S. Dist. LEXIS 37973, *9 (M.D. Fla. January 25, 2012)(quoting Centex-Rooney Const. Co., Inc. V. Martin County, 725 So.2d 1255, 1259 (Fla. App. Ct. 1999).

Now, the Court declines to award any time at the rate of $225 per hour. The Court finds that 5.8 hours at the rate of $275 per hour was reasonably expended on this matter and accordingly, Plaintiffs are awarded $1,595 that is due from the Defendant for legal expenses incurred in the prosecution of Plaintiffs' motion.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on June 8th, 2012.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel