UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SALLY HATFIELD, and similarly situated
individuals, TRACI IVELENE GLAUSIER,
and similarly situated individuals, and
VICTORIA LIVENGOOD,

    Plaintiffs,

v.    Case No. 5:11-cv-416-Oc-10TBS

A+ NURSETEMPS, INC., a Florida for profit
corporation doing business as Nursetemps,
Inc.,

    Defendant.

## ORDER

Pending before the Court is Defendant's Motion to Strike Portions of Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment (Doc. 51).

Plaintiffs bring this action under The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. (Doc. 26). They allege that they were employed by Defendant and that Defendant failed to pay them overtime wages for work in excess of forty hours per week. (Id.) Defendant denies liability for multiple reasons including that Plaintiffs were independent contractors and thus, not entitled to overtime wages. (Doc. 39).

Defendant has filed a motion for summary judgment in which it asks the Court to find, as a matter of law, that Plaintiffs were independent contractors. (Id.) Defendant filed the deposition of Traci Glausier in support of its summary judgment motion. (Docs. 17-3, 17-4 and 17-5). The Plaintiffs' opposition to the motion includes

a legal memorandum, the depositions of Lauren McClain, Kenneth Keyes and Victoria Livengood and the Affidavit of Traci Glausier.  (Docs. 40, 49-3, 49-4, 49-5 and 49-6).  Plaintiffs' memorandum references specific testimony by these witnesses.  (Docs. 40).  Defendant is asking the Court to strike or disregard some of this testimony on the grounds that it is inadmissible hearsay and speculation or because the testimony cited by Plaintiffs is misleading. (Doc. 51).  In the case of the Glausier affidavit, Defendant says it contains "sham assertions" which directly conflict with her earlier deposition testimony.  (Id.)  Plaintiffs acknowledge that the Glausier affidavit contains "mistakes" for which their lawyer takes responsibility and they have filed Glausier's amended affidavit to correct the inaccuracies in her original affidavit.  (Doc. 56).

"On motions for summary judgment, [the Court] may consider only that evidence which can be reduced to an admissible form."  Rowell v. BellSouth Corp., 433 F.3d 794, 800 (11th Cir. 2005).  Affidavits supporting and opposing motions for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."  Fed.R.Civ.P. 56(e)(1).  "Affidavits in opposition to a motion for summary judgment, which do not comply with Rule 56(e) of the Federal Rules of Civil Procedure, are subject to a motion to strike."  Johnson v. Scotty's, Inc., 119 F.Supp.2d 1276, 1281 (M.D. Fla. 2000).

Even if this Court was to grant the motion to strike, the McClain, Keyes and Livengood depositions and the amended Glausier affidavit will still have to be read, at least in part, in order for the Court to rule on Defendant's motion for summary

judgment. The appropriate time for the Court to determine the admissibility of the testimony in question will be when it considers the summary judgment pleadings. At that time, it will evaluate and decide the admissibility of all the evidence in the record. Accordingly, the Court will CARRY the motion to strike with the expectation that resolution of the motion will be subsumed in the Court's ruling on the motion for summary judgment.

     IT IS SO ORDERED.

     DONE AND ORDERED in Ocala, Florida, on June 19, 2012.

THOMAS B. SMITH  
United States Magistrate Judge

     Copies to all Counsel