UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 5:11-CV-416-OC-10-TBS

SALLY HATFIELD, TRACI IVELENE
GLAUSIER, VICTORIA LIVENGOOD,
And similarly situated individuals,

        Plaintiffs,

v.

A+ NURSETEMPS, INC., a Florida for Profit
Corporation doing business as NURSETEMPS,
INC.

        Defendants.
_____/

## MOTION FOR ORDER OF IMPLEADER AND PROCEEDINGS SUPPLEMENTARY WITH SUPPORTING MEMORANDUM OF LAW

The Plaintiffs, TRACI IVELENE GLAUSIER and VICTORIA LIVENGOOD, as well as the opt in Plaintiffs, COELEEN BENDER, LAUREN MCLAIN, and KENNETH KEYES, by and through their undersigned counsel, hereby file this Motion for Pleadings Supplementary, pursuant to §56.29, *Florida Statutes*, and Motion for Order of Impleader pursuant to *Florida Rules of Civil Procedure* 1.190(d) and allege as follows:

    1.    At all times material hereto, Plaintiffs were employees of A+ NURSETEMPS, INC., within the meaning of FLSA.

    2.    At all times material hereto, Defendant A+ NURSETEMPS, INC., was a healthcare staffing agency.

    3.    At all times material hereto, Plaintiffs, who were healthcare workers, were provided work shifts by A+ NURSETEMPS, INC, at various healthcare facilities with whom A+ NURSETEMPS, INC.,, had contracts including but not limited to, the Florida Department of

Corrections and Hospice of Marion County.

4. Plaintiffs regularly worked in excess of 40 hours per week but were never paid overtime by A+ NURSETEMPS, INC., because A+ NURSETEMPS, INC, classified them incorrectly as independent contractors.

5. The initial Complaint in this case was filed by Plaintiffs on or about June 8, 2011 alleging unpaid and owed overtime wages by Defendant, A+ NURSTEMPS, INC., to Plaintiffs in violation of the Fair Labor Standards Act.

6. At all times material hereto, Michael Arthur was the principal of Defendant, A+ NURSETEMPS, INC. A print out from the State of Florida Secretary of State Division of Corporations reflecting this fact is attached hereto as Exhibit "A."

7. On or about April 20, 2012, during the pendency of this lawsuit, Michael Arthur formed a Limited Liability Company called Prime Staff Holdings, LLC. A copy of a print out from the State of Florida Secretary of State Division of Corporations reflecting this fact is attached hereto as Exhibit "B."

8. On or about April 20, 2012, during the pendency of this lawsuit, Michael Arthur also created and/or acquired Staff America Health, Inc., a foreign for profit corporation. A printout from the State of Florida Secretary of State Division of Corporations reflecting this fact is attached hereto as Exhibit "C."

9. Both Michael Arthur and Prime Staff Holdings, LLC are listed as officers/directors of Staff America as reflected on Exhibit "C."

10. At or about the same time that Mr. Arthur created Prime Staff Holdings, LLC and acquired Staff America Health, Inc., he was winding down the business of Defendant, A+ NURSETEMPS, INC, even though he knew that this action was still pending and that a

Judgment had not yet been entered by the Court.

11. On May 22, 2013, as this case was still being litigated, the deposition of Michael J. Arthur was taken in Citrus County Case No.: 2013-CA-325-A, in a case entitled, *Pinpoint Staffing, LLC v. A+ Nursetemps, Inc. and Michael J. Arthur.* On Page 38, L. 1-11, he confirmed that Defendant, A+ NURSETEMPS, INC, had stopped operating on May 3, 2013. He testified as follows:

(Michael Arthur depo, Page 38)

1. Q. Just to clarify in terms of - - you mentioned,
2. Of course, on several occasions today, so we know that
3. A+ is, you said, no longer operating, correct?
4. A. Correct.
5. Q. Ok. When did it actually just stop?
6. operating?
7. A. May 3rd.
8. Q. May 3rd of this year?
9. A. This year.
10. Q. Just this month?
11. A. Yes.

A copy of the deposition of Michael J. Arthur in Citrus County Case No: 2013-CA-325-A is attached hereto as Composite Exhibit "D."

12. Mr. Arthur then began operating Staff America Health, Inc., from Defendant A+ NURSETEMP, INC'S old business location and hired former employees of A+ NURSETEMPS, INC., to work for Staff America Health, Inc. He testified on May 22, 2013, as follows:

(Page 44)

13. Q. Ok. And what were the names and duties of
14. the other people?
15. A. Patti Myers, office manager.
16. Q. And Patti Myers is M – Y or M – E – Y?
17. A. M-Y, I believe.
18. Q. And I take it Ms. Myers is currently
19. unemployed?
20. A. Pardon me?
21. Q. Is Ms. Myers unemployed? Was she terminated?
22. by A+?
23. A. She was.
24. Q. Ok. Does she work for anyone else now, do

(Page 45)

1. A. Yes.
2. Q. Who does she work for?
3. A. Staff America.
4. Q. Ok. I take it Staff America has taken over
5. the location where A+ was?
6. A. Yes.
7. Q. Or have they also been there?
8. A. No. They haven't been there.
9. Q. Ok. so, when did Staff America take over

        10.    the Highway 44 location?

        11.    A.    Um, May 6th.

13. Staff America also employs numerous other employees of A+ NURSETEMPS including Sally Hatfield. (Arthur depo., P. 46, L. 1-13).

14. In addition to the fact that it employs the same persons and occupies the same office space as Defendant A+ NURSETEMPS, INC., Staff America Health, Inc., performs the same service as its predecessor. It is a healthcare staffing agency.

15. The deposition of A+ NURSETEMPS, INC.'S former office manager, Patti Myers, (who now works for Staff America Health, Inc.) was taken in this case on October 13, 2012. She testified with respect to this issue as follows:

(Page 71)

        10.    Q.    Ok. What does Staff America do? What

        11.    does that business do?

        12.    A.    We place out nurses to facilities.

        13.    Q.    Same thing that Nursetemps does?

        14.    A.    Yes.

The deposition of Ms. Myers is attached hereto as Composite Exhibit E.

16. On or about August 27, 2013, this Court entered an Amended Final Judgment on behalf of Plaintiffs against Defendant, A+ NURSETEMPS, INC., in the total amount of $74,734.26 and an Amended Judgment for Plaintiff's Attorney's Fees and Costs in the total amount of $70,775.03.

17. Execution of the Judgment in this case is still valid, outstanding and unsatisfied.

18. As such, proceedings supplementary are warranted and impleader of both Prime

Staff Holdings, LLC and Staff America Health, Inc., is proper.

## MEMORANDUM OF LAW

**A.     Applicable law and jurisdiction.**

Federal law requires District Courts to adopt practices and procedures of forum states in which they are located with respect to execution of judgments and proceedings supplementary.

Rule 69, *Federal Rules of Civil Procedure*, states:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

Since no statute of the United States governs, this Court should apply Florida law with respect to execution on judgments, proceedings supplementary and impleading third parties. Section 56.29(1), *Florida Statutes,* entitles unsatisfied judgment creditors to proceedings supplementary upon the filing of appropriate affidavits.  It states as follows:

> When any person or entity holds an unsatisfied judgment or judgment lien…the judgment holder or judgment lien holder may file an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued cost and interest, and stating that the execution is valid and outstanding, and thereupon the judgment holder or judgment lien holder is entitled to these proceedings supplementary to execution.

The statutory requirements have been satisfied by the filing of Affidavits of Plaintiffs, TRACI IVELENE GLAUSIER, VICTORIA LIVENGOOD, COELEEN BENDER, LAUREN MCCLAIN, and KENNETH KEYES which are attached hereto as Exhibits, F, G, H, I, and J, respectively.  The respective Affidavits of the Plaintiffs identify the issuing court, the case number, the unsatisfied judgment amounts including costs, interest and attorney's fees and  state

that execution is still valid and outstanding.

Consequently, these judgment lien holders are entitled to proceedings supplementary to execution. The Affidavits are attached hereto as Composites Exhibits F, G, H, I and J, respectively.

Rule 1.190(d), *Fl.R.Civ.P.,* authorizes impleader claims under these circumstances. It states as follows:

> Upon motion of a party the court may permit that party upon reasonable notice and upon such terms as are just, to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleadings sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor.

Florida case law authorizes impleader actions in proceedings supplementary so as not to require an independent action. *See, Zureikat v. Shaidani,* 944 So.2d 1019, 1022 (Fla. 5th Dist., 2006). "Whenever it appears that relief may be warranted against a third party, a judge has the duty to implead those parties." *See, Regent Bank v. Woodcox,* 636 So.2d 885 (Fla. 4th Dist. 1994). As such, impleading Prime Staff Holdings, LLC and Staff America Health, Inc., in this action is necessary and proper.

**B.**   **Prime Staff Holdings, LLC and Staff America Health Inc. successor liability under the FLSA.**

Both Prime Staff Holdings, LLC and Staff America Health, Inc., are successor entities to A+ NURSETEMPS, INC, and are subject to successor liability under the Fair Labor Standards Act because Federal Courts impose a federal common law standard of successor liability that is favorable to Plaintiffs in cases relating to labor relations or employment. *See, E.G. John Wiley & Sons, Inc., v. Livingston,* 376 U.S. 543, 548-49 (1964); *Wheeler v. Snyder Buick, Inc.,* 794 F.2d 1228, 1236 (7th Cir. 1986); *Upholsterers, Int'l Union Pension Fund v. Artistic Furniture,*

920 F.2d 1323, 1327 (7th Cir. 1990).

This standard applies to violations of the Fair Labor Standards Act (FLSA) as well. *See, Teed v. Thomas & Betts Power Solutions,* 711 F3d 763 (7th Cir. March 26, 2013), *Shells v. Gatehouse Media, Inc.,* 2013 W.L. 5311469, *Trustees of Chicago Regional Counsel of Carpenters Pension Fund v. Conforti Const. Co., Inc.*, 2013 W.L. 3771415, *Vonbrugger v. Janni-King of Minnesota, Inc.*, 2013 W.L. 2318147, *Thompson v. Bruister & Associates, Inc.*, 2013 W.L. 5428747.

The federal common law standard for successor liability in FLSA cases requires analysis of certain factors including (1) whether the successor had notice of the pending lawsuit…(2) whether the successor can provide the relief sought in the suit…(3) whether there is continuity between the operations and workforce of the predecessor and the successor. *See Teed etal. v. Thomas & Betts Power Solutions, LLC,* 711 F.3rd 763 (7th Cir. March 26, 2013).

In the instant case, there is no question that the successors, Prime Staff Holdings, LLC and Staff America Health, Inc., had notice of this pending lawsuit. Michael Arthur, the principal of Defendant, A+ NURSETEMPS, INC., is listed as the registered agent for both Prime Staff Holdings, LLC and Staff America Health, Inc. Moreover, Michael Arthur is listed as a managing member of Prime Staff Holdings, LLC which is a director of Staff America. As such, it is impossible for the successor entity not to have had knowledge of this pending lawsuit as the acquisition was consummated during the pendency of this proceeding. Furthermore, Prime Staff Holdings, LLC and Staff America can provide the relief sought in this suit.

Lastly, there is no question as to whether there is continuity between the operations and workforce of the predecessor, A+ NURSETEMPS, INC., and its successors, Prime Staff Holdings, LLC and Staff America Health, Inc. Pursuant to the deposition testimony of Michael

Arthur and Patti Myers, (copies of which are attached hereto as Exhibits D and E, respectively), Staff America Health, Inc., which is operated by Prime Staff Holdings, LLC, performs the exact same job function as its predecessor A+ NURSETEMPS, INC., occupies the same office space and employs the same persons.

The court in the *Teed,* case, in addition to applying the above-referenced factors to determine whether successor liability exists, went on to simplify the criteria for determining whether successor liability in FSLA cases applies. It stated that, "we suggest that successor liability is appropriate in suits to enforce federal labor or employment laws – even when the successor disclaimed liability when it acquired the assets in question – unless there are good reasons to withhold such liability…the idea behind having a distinct federal standard applicable to federal labor and employment statutes are that these statutes are intended either to foster labor peace, as in the National Labor Relations Act, or to protect workers' rights as in Title VII, and that in either type of case, the imposition of successor liability will often be necessary to achieve the statutory goals because the workers will be unable to head off a corporate sale by their employer extinguishing the employer's liability to them. This logic extends to suits to enforce the Fair Labor Standards Act…The FSLA was passed to protect workers' standards of living through the regulation of working conditions. 29 U.S.C. § 202. That fundamental purpose is as fully deserving of protection as the labor peace, antidiscrimination, and workers' security policies under the NRLA, Title VII, 42 U.S.C. §1981, Erisa and MPPAA." *Id. See also, Steinbach v. Hubbard,* 51 F.3rd 843, 845 (9th Cir. 1995).

As such, Prime Staff Holdings, LLC and Staff America, Inc., meet the criteria for successor liability under Federal Common Law and FLSA cases and an Order of Impleader is warranted under these circumstances.

Upon the Order granting Motion for Order of Impleader and Proceeding Supplementary, Plaintiffs shall serve the Impleader Orders and Proceeding Supplementary, Motion for Order of Impleader and Proceeding Supplementary on the Defendants and the impled third parties through service of process. Sufficient time shall be given in the Order so that Defendants and the implead parties have sufficient time to appear and defend themselves before this Court. Venue is proper in this Court as it is a continuation of the previous and existing action.

Plaintiffs seek costs and attorney's fees pursuant to Section 56.29(11), *Florida Statutes.*

WHEREFORE, the Plaintiffs, TRACI IVELENE GLAUSIER, VICTORIA LIVENGOOD, COELEEN BENDER, LAUREN MCCLAIN and KENNETH KEYES respectfully request that this Court grant its Motion for Order of Impleader and Proceedings Supplementary as to the Defendant A+ NURSETEMPS, INC., and allowing Prime Staff Holdings, LLC and Staff America, Inc., to be additional parties to this action, direct the Sheriff to levy execution on the assets held Prime Staff Holdings, LLC and Staff America, Inc., as well as any other transfers not currently known but which were intended to delay, hinder or defraud the Plaintiffs and any such other remedies as this Court deems necessary and proper including costs and attorney's fees pursuant to Section 56.29(11), *Florida Statutes*.

## CERTIFICATE OF SERVICE

I CERTIFY that a true and exact copy of the foregoing has been furnished via US Mail to Defendant, A+ NURSETEMPS, INC., d/b/a NURSETEMPS, INC., c/o Michael Arthur, 2008 Highway 44 West, Inverness, FL  34453, this 21st day of November, 2013.

BLANCHARD, MERRIAM,
ADEL & KIRKLAND, P.A.

By: **/s Edwin A. Green, III**
EDWIN A. GREEN, III, ESQ.
Post Office Box 1869
Ocala, Florida  34478
(352) 732-7218
Florida Bar Number 0606111
Attorneys for Plaintiffs