## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

SALLY HATFIELD, TRACI IVELENE        Case No.: 5:11-CV-416-OC-10-TBS
GLAUSIER, VICTORIA LIVENGOOD,
And similarly situated individuals,

       Plaintiffs,

v.

A+NURSETEMPS, INC., a Florida for Profit
Corporation doing business as NURSETEMPS,
INC., PRIME STAFF HOLDINGS, LLC, and
STAFF AMERICA, INC., as successor entities,

       Defendants.

_____/

### DEFENDANTS PRIME STAFF HOLDINGS, LLC AND STAFF AMERICA, INC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CAUSE OF ACTION.

**Prime Staff Holdings, LLC** and **Staff America, Inc.**, by and through undersigned counsel, having been served with Plaintiff's Motion for Order of Impleader and Proceedings Supplementary and a copy of this Court's Order dated December 12, 2013, move for the dismissal of this action and in support thereof state:

**I.   Diversity jurisdiction does not exist in this matter.**

**II.  Federal question jurisdiction does not exist in this matter.**

    **1. Plaintiffs' claim is not based upon the validity, construction, or effect of FLSA.**
    **2. Plaintiffs' claim is appropriately handled by state law.**
    **3. Facts alleged are insufficient to provide this Court with Subject Matter Jurisdiction.**

**III. Plaintiffs fail to state a claim upon which relief can be granted.**

[This Space Intentionally Left Blank]

## MEMORANDUM OF LAW

### *Procedural History:*

On June 8, 2011, Plaintiffs filed a lawsuit against A+ NurseTemps, Inc. (hereinafter

"A+") in the Fifth Judicial Circuit Court in and for Citrus County, Florida alleging Fair Labor

Standards Act ("FLSA") violations. Staff America, Inc. (hereinafter "Staff America") and Prime

Staff Holdings, LLC (hereinafter "Prime") were not named as Defendants in this original action.

The action was removed to this Court on July 20, 2011 [Dkt. 1]. This matter was actively

litigated until May 24, 2013 when Counsel for A+ sought to Withdraw [Dkt. 90 and 91]. Partial

Summary Judgment was granted June 20, 2013 against A+ [Dkt. 98] and Judgment was entered

against A+ June 21, 2013 [Dkt. 100]. Amended Judgment against A+ was entered August 27,

2013 [Dkt. 109]. On November 21, 2013 Plaintiffs sought an Order impleading Prime and Staff

America and requested proceedings supplementary [Dkt. 111]. The Court granted Plaintiffs

request December 12, 2013 [Dkt. 112].

### *Facts:*

The Affidavit of Mike Arthur, attached hereto as "Exhibit A," provides a general outline

of the facts that Staff America, Inc. and Prime Staff Holdings, LLC contend preclude the

determination that either business entity is a mere continuation of A+ NurseTemps, Inc. A

review of the Affidavit will reveal that:

1. A+ NurseTemps, Inc. (hereinafter "A+") was originally formed November 1, 1999 in Ohio with Mr. Arthur as its sole shareholder.

2. Desiring to gain market share, Mr. Arthur began looking for competing companies to acquire in 2010 and through his interest in Prime Staff Holdings, LLC purchased a controlling interest in Staff America on October 24, 2011.

3. Staff America and A+ competed for business in the temporary nursing services industry, but Staff America handles all types of temporary staffing, including the medical staffing handled by A+, and provides direct hire placement services and temp to hire services that A+ did not provide.

4. On or about January 14, 2013, Pinpoint Staffing, LLC (hereinafter "Pinpoint"), obtained a judgment against A+. In its efforts to collect on its judgment, Pinpoint garnished certain A+ accounts, including its payroll provider used to pay the health care professionals that filled temporary jobs, forcing A+ to cease operations on May 3, 2013.

5. On May 3, 2013, A+:
   a. Informed the health care professionals that it was unable to provide placement for any further temporary jobs.
   b. Terminated all office staff members.
   c. Notified Staff America that it would be vacating the space it was subleasing from Staff America at 2008 Highway 44 West, Inverness, Florida.

6. In response, Pinpoint successfully sought the appointment of a receiver for A+, effectively ending Mike Arthur's control of A+ operation on May 22, 2013.

7. Staff America did approach the A+ Receiver and Pinpoint regarding the possibility of purchasing certain assets from A+. However, Pinpoint raised objection to the proposed purchase so the purchase was never consummated.

8. Staff America has not taken over any A+ business operations, assumed the A+ phone number, or assumed the A+ database.

9. When A+ closed its doors, Staff America required additional staff to compete for the market share abandoned by A+. Because of the sudden amount of available work and health care professionals requesting work due to the vacuum created by A+'s closure, it was imperative to find staff quickly. As a result, Staff America hired two former A+ back office staff employees approximately 2 weeks after A+ ceased operation.

In addition to the facts set forth in the affidavit, the deposition transcripts attached to Plaintiffs'

Motion [Dkt. 111] reflect that:

   a. Staff America, Inc. (hereinafter "Staff America") has operated since 2001. *See Composite Exhibit D to Plaintiffs' Motion, Deposition Transcript of Michael J. Arthur, May 22, 2013, Page 54, Line 2.*

   b. Mike Arthur, not A+, acquired Staff America in late 2010 or 2011. *See Composite Exhibit D to Plaintiffs' Motion, Deposition Transcript of Michael J. Arthur, May 22, 2013, Page 55, Line 16 – Line 22.*

c. Staff America competed with A+ in the marketplace with its own accounts, data base, and credentialing process. *Composite Exhibit D to Plaintiffs' Motion, Deposition Transcript of Michael J. Arthur, May 22, 2013, Page 54, Line 4 – Line 11.*

d. Staff America has not taken over any A+ business operations. *Composite Exhibit D to Plaintiffs' Motion, Deposition Transcript of Michael J. Arthur, May 22, 2013, Page 51, Line 1 – Line 3.*

e. Staff America is not using any of the existing contracts or taking over existing contracts from A+. *Composite Exhibit D to Plaintiffs' Motion, Deposition Transcript of Michael J. Arthur, May 22, 2013, Page 56, Line 8 – Line 11.*

f. Staff America has not assumed the A+ phone number. *Composite Exhibit D to Plaintiffs' Motion, Deposition Transcript of Michael J. Arthur, May 22, 2013, Page 59, Line 3 – Page 60, Line 1.*

g. Staff America did approach the A+ Receiver and Pinpoint regarding the possibility of purchasing certain assets from A+. However, Pinpoint raised objection to the proposed purchase so the purchase was never consummated. *Composite Exhibit D to Plaintiffs' Motion, Deposition Transcript of Michael J. Arthur, May 22, 2013, Page 68, Line 20 – Page 69, Line 16.*

## *Argument:*

Attacks on subject matter jurisdiction under *Fed.R.Civ.P. 12(b)(1)* come in two forms; "facial attacks" and "factual attacks." *See* Desporte-Bryan v. Bank of Am., 147 F. Supp. 2d 1356, 1359 (S.D. Fla. 2001). While the court is merely required to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction in a "facial attack," "factual attacks" challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *See* id. at 1359-60. Because the trial court's jurisdiction is at issue in a factual attack, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *See* id. at 1360. "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *See* id.

**I.  Diversity jurisdiction does not exist in this matter.**

Under *28 USC §1332 (c)(1)*, a corporation is deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.  Consequently, there can be no dispute that Prime Staff Holdings, LLC (hereinafter "Prime") and Staff America are citizens of Florida.  Plaintiffs are also citizens of Florida.  Therefore, diversity jurisdiction is not applicable in this matter.

**II.  Federal question jurisdiction does not exist in this matter.**

*28 USC §1331* provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  The issue is whether Plaintiffs' assertion that Prime and Staff America are a mere continuation of A+ raises a federal question.

"A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends." *See* Hines v. Cenla Cmty. Action Comm., Inc., 474 F.2d 1052, 1055 (5th Cir. 1973).  Without a pleading in this matter it is difficult to say for certain, but it appears that Plaintiffs' urge that a federal question is created simply by the Court's need to determine whether successor liability exists under FLSA.

**1.  Plaintiffs' claim is not based upon the validity, construction, or effect of FLSA.**

The Eleventh Circuit has not decided whether successor liability exists in FLSA cases.

*See* Cuervo v. Airport Servs., Inc., 12-20608-CIV, 2013 WL 6170661 (S.D. Fla. Nov. 22, 2013). Consequently, this Court is being asked to base its subject matter jurisdiction on a claim that has not yet been determined to exist in this Circuit. However, in actuality, the issue of whether successor liability exists under FLSA has no impact upon the claims at issue.

In this matter, all FLSA claims have been reduced to judgment against A+. There is no apparent allegation that either Prime or Staff America have independently violated FLSA or even ever employed the Plaintiffs in this action. As such, Prime and Staff America are not called upon to defend FLSA claims in their own right as a "successor entity." Instead they are called upon to defend the integrity of their fundamental being[1]. Thus, there is no dispute or controversy respecting the validity, construction, or effect of FLSA, upon the determination of which the result of this action depends. Therefore, there is no federal question jurisdiction.

### 2. Plaintiffs' claim is appropriately handled by state law.

In Plaintiffs' Motion for Order of Impleader and Proceedings Supplementary, Plaintiffs cite to *Fla. Stat. §56.29* and *Fla. R. Civ. P. 1.190(d)*. A review of *Fla. Stat. §56.29* reveals that this section permits certain procedures including: (a) the defendant to be called before a general or special magistrate to be examined concerning his or her property; (2) upon identifying property of the judgment debtor not exempt from execution, the Court may order such property

---

[1] Florida applies a rule that the separate identities of two or more corporations will only be disregarded on a showing that one corporation is a "mere instrumentality" of the other, *Aztec Motel v. State ex rel. Faircloth*, 251 So.2d 849 (Fla.1971); *Unijax, Inc. v. Factory Insurance Association*, 328 So.2d 448 (Fla.App.1976); *St. Petersburg Sheraton Corp. v. Stuart*, 242 So.2d 185 (Fla.App.1971), and that the corporation is a device or sham to mislead creditors or exists for fraudulent purposes. *Gross v. Cohen*, 80 So.2d 360 (Fla.1955); *Computer Center, Inc. v. Vedapco, Inc.*, 320 So.2d 404 (Fla.App.1975); *Sirmons v. Arnold Lumber Co.*, 167 So.2d 588 (Fla.App.1964). *See* Bendix Home Sys., Inc. v. Hurston Enterprises, Inc., 566 F.2d 1039, 1041 (5th Cir. 1978).

in the hands of any person or due the judgment debtor to be applied toward satisfaction of the

judgment debt; (3) the Defendant must prove that any transfer or gift made within one year of

service of process was not made to delay, hinder or defraud creditors; and (4) that any property

so transferred or gifted to delay, hinder or defraud creditors shall be utilized to satisfy the

execution.  In addition, *Fla. R. Civ. P. 1.190(d)* provides:

> Upon motion of a party the court may permit that party, upon
> reasonable notice and upon such terms as are just, to serve a
> supplemental pleading setting forth transactions or occurrences or
> events which have happened since the date of the pleading sought
> to be supplemented. If the court deems it advisable that the adverse
> party plead thereto, it shall so order, specifying the time therefor.

Plaintiffs' motion makes it clear that the relief they seek is provided under Florida law.

When a controversy between the parties may be decided under local law without the necessity of

interpreting a federal statute, there is no federal jurisdiction. *See* Hines, 474 F.2d at 1056.  Thus,

this Court lacks subject matter jurisdiction over the Plaintiffs' claims against Prime and Staff

America.


### 3.  Facts alleged are insufficient to provide this Court with Subject Matter Jurisdiction.

Were this Court to determine: (1) that the Eleventh Circuit would conclude that successor

liability exists under the FLSA; (2) that the existence of such an action as applied in this matter

requires that a dispute or controversy respecting the validity, construction, or effect of FLSA;

and (3) that Plaintiffs' reference to Florida in law in its Motion was simply to invoke procedure

to pursue the federal claim, this Court would still lack subject matter jurisdiction because

Plaintiffs' Motion fails to allege the necessary element of "succession."  Whether this Court

chooses to apply the balancing of the interests test[2] adopted by the Eleventh Circuit in In re Nat'l Airlines, Inc., 700 F.2d 695, 698 (11th Cir. 1983) or the Florida Standard[3], there must be some alleged connection between alleged predecessor and alleged successor.

"The mere continuation exception is intended to apply when the **purchasing** corporation is merely a continuation or reincarnation of the **selling** corporation." *See* Bud Antle, Inc. v. E. Foods, Inc., 758 F.2d 1451, 1458 (11th Cir. 1985). (Emphasis added). As stated in Cuervo (quoting from Teed v.Thomas & Betts Power Solutions, 711 F3d 763, 766 (7th Cir. 2013), "pragmatically, without successor liability, an FLSA violator could escape liability, or make it harder for employees to obtain relief, by **selling or transferring its assets to a buyer** and then dissolving." *See* Cuervo, 2013 WL 6170661. (Emphasis added).

Plaintiffs' Motion fails to allege the existence of a merger or a transfer of assets involving A+ and either Prime or Staff America. Plaintiffs merely presuppose that both Prime and Staff America are successors to A+ and applies the balancing of the interests test to determine if successor liability is applicable. However, as stated in Coffman v. Chugach Support Servs., Inc.,

---

[2] Under this balancing of the interests test, the Court must first consider whether the **successor employer** had prior notice of the claim against the predecessor. Second, the Court must look at whether the predecessor is able to provide the relief requested. Finally, the Court must determine whether there has been sufficient continuity in the business operations of the predecessor and the successor to justify the imposition of liability. Equitable principles may also be considered. *See* Cuervo, 2013 WL 6170661. (Emphasis added).

[3] The Florida Standard imposes liability if any one of the following is found to exist: (1) the successor expressly or impliedly assumes the obligations of the predecessor, (2) the transaction is a de facto merger, (3) the successor is a mere continuation of the predecessor, **or** (4) the transaction is a fraudulent effort to avoid liabilities of the predecessor. *See* Cuervo, 2013 WL 6170661.

Mere continuation occurs when there is a continuity of the **selling corporation** evidenced by such things as the same management, personnel, assets, location and stockholders. *See* Amjad Munim, M.D., P.A. v. Azar, 648 So. 2d 145, 154 (Fla. 4th DCA 1994).

411 F.3d 1231, 1237 (11th Cir. 2005) "analysis is unnecessary and improper when no merger or transfer of assets even transpired between the two subject companies."

While Cuervo, chose to distinguish Coffman and declined to grant the requested Motion to Dismiss on Plaintiff's failure to allege that there was a merger or transfer of assets, Magistrate Judge Goodman indicated that because Plaintiff's pleading did not contain any reference to whether a merger or transfer did or did not occur, he preferred to take the issue up in a Motion for Summary Judgment. In this action, Plaintiffs have attached to the Motion Mr. Arthur's deposition transcript dated May 22, 2013 as "Composite Exhibit D." The transcript reflects that:

1. Staff America has not taken over any A+ business operations. *Composite Exhibit D to Plaintiffs' Motion, Deposition Transcript of Michael J. Arthur, May 22, 2013, Page 51, Line 1 – Line 3.*

2. Staff America is not using any of the existing contracts or taking over existing contracts from A+. *Composite Exhibit D to Plaintiffs' Motion, Deposition Transcript of Michael J. Arthur, May 22, 2013, Page 56, Line 8 – Line 11.*

3. Staff America has not assumed the A+ phone number. *Composite Exhibit D to Plaintiffs' Motion, Deposition Transcript of Michael J. Arthur, May 22, 2013, Page 59, Line 3 – Page 60, Line 1.*

4. Staff America did approach the A+ Receiver and Pinpoint regarding the possibility of purchasing certain assets from A+. However, Pinpoint raised objection to the proposed purchase so the purchase was never consummated. *Composite Exhibit D to Plaintiffs' Motion, Deposition Transcript of Michael J. Arthur, May 22, 2013, Page 68, Line 20 – Page 69, Line 16.*

*Fed. R. Civ. P. 10(c)* provides that "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Consequently, unlike Cuervo, in the instant case on the face of Plaintiffs' Motion it appears that there has been no merger or transfer. In the absence of a specific allegation contrary, this Court must conclude that a determination that Prime or Staff America is a successor merely because of Mr. Arthur's involvement would

constitute an improper disregard of the corporate entity[4] and a complete disregard for the bankruptcy procedure Mr. Arthur has recently completed.

### III. Plaintiffs fail to state a claim upon which relief can be granted.

A motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is a motion attacking the legal sufficiency of a complaint. In deciding such a motion, the court must accept the facts pleaded as true and construe them in a light most favorable to the plaintiff. *See* Keller v. Florida Dep't of Health, 682 F. Supp. 2d 1302, 1308-09 (M.D. Fla. 2010) aff'd sub nom. Keeler v. Florida Dep't of Health, Div. of Disability Determinations, 397 F. App'x 579 (11th Cir. 2010).

The only filing related to supplemental proceedings at issue is the Motion for Order of Impleader and Proceedings Supplementary and this Court's Order dated December 12, 2013 granting said Motion. *Fed. R. Civ. P. 8* provides:

> A pleading that states a claim for relief must contain: **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

---

[4] Florida applies a rule that the separate identities of two or more corporations will only be disregarded on a showing that one corporation is a "mere instrumentality" of the other, *Aztec Motel v. State ex rel. Faircloth*, 251 So.2d 849 (Fla.1971); *Unijax, Inc. v. Factory Insurance Association*, 328 So.2d 448 (Fla.App.1976); *St. Petersburg Sheraton Corp. v. Stuart*, 242 So.2d 185 (Fla.App.1971), and that the corporation is a device or sham to mislead creditors or exists for fraudulent purposes. *Gross v. Cohen*, 80 So.2d 360 (Fla.1955); *Computer Center, Inc. v. Vedapco, Inc.*, 320 So.2d 404 (Fla.App.1975); *Sirmons v. Arnold Lumber Co.*, 167 So.2d 588 (Fla.App.1964).   *See* Bendix Home Sys., Inc. v. Hurston Enterprises, Inc., 566 F.2d 1039, 1041 (5th Cir. 1978).

As the claims against Prime and Staff America are in proceedings supplemental, it stands to reason that the pleading required to advise Prime and Staff America of the claim for relief made against it would be governed by *Fed. R. Civ. P. 15(d)*, which provides:

> **Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Consequently, to withstand a Motion to Dismiss, Plaintiffs' pleading for relief must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). *See also* Keller, 682 F. Supp. 2d at 1309 ("While a complaint does not need detailed factual allegations to meet this standard, a plaintiff must provide the grounds of her entitlement to relief beyond labels, conclusions, and a formulaic recitation of the elements of a cause of action."). Prime and Staff America are currently at a procedural disadvantage in that Plaintiffs have not yet identified what actions it believes Prime and Staff America have taken that would satisfy the merger, successor employer, or transfer of assets requirement prior to imposing the balancing of the interests test.

Moreover, in their Motion, Plaintiffs request that this Court "direct the Sheriff to levy execution on the assets held (sic) Prime Staff Holdings, LLC and Staff America, Inc., as well as any other transfers not currently known but which were intended to delay hinder or defraud the Plaintiffs and any such remedies as the Court deems necessary and proper including costs and attorney's fees pursuant to Section 56.29(11), *Florida Statutes*." Plaintiffs have every right to conduct discovery involving the assets of A+. However, Plaintiffs should be required, in a short and plain statement, to inform Prime and Staff America what actions are alleged to satisfy the

merger, successor employer, or transfer of assets requirement that must be satisfied before any test can be used to determine if these entities are mere continuations of A+ before any request for execution on Prime and Staff America assets should be entertained.  In the absence of such a statement, this action must be dismissed.

J. Theodore Schatt
Florida Bar Number 0195782
Schatt & Hesser, P.A.
Post Office Box 4440
Ocala, Florida  34478
Telephone:  (352) 789-6520
Facsimile:  (352) 789-6570
tschatt@schatthesser.com
service@schatthesser.com
Attorney for Prime Staff Holdings, LLC and
Staff America, Inc.
Trial Counsel

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___6th___ day of January, 2014, a true and correct copy of the foregoing was served by electronic mail to Edwin A. Green, Esquire at tgreen@bmaklaw.com.

J. THEODORE SCHATT