UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SALLY HATFIELD, TRACI IVELENE
GLAUSIER, LAUREN McCLAIN,
COELEEN BENDER, KEN KEYES,
VICTORIA LIVENGOOD, and similarly
situated individuals,

Plaintiffs,

-vs-                                                    Case No.  5:11-cv-416-Oc-10PRL

A+NURSETEMPS, INC., a Florida for
profit corporation d/b/a NURSETEMPS,
INC.,

Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

This case is before the Court on the Impled Defendants Prime Staff Holdings,

LLC's ("Prime Staff"), and Staff America, Inc.'s ("Staff America") Motion to Dismiss for

Lack of Subject Matter Jurisdiction and for Failure to State a Cause of Action (Doc.

119).  The Plaintiffs have filed a timely response in opposition (Doc. 122).  Upon due

consideration, and for the reasons discussed below, the Court finds that the motion to

dismiss is due to be denied.

## Procedural History

On June 20, 2013, the Court granted the Plaintiffs' Motion for Partial Summary

Judgment in this FLSA unpaid overtime compensation collective action (Doc. 83-1),

and directed the Clerk to enter judgment against Defendant A+Nursetemps, Inc., d/b/a

Nursetemps, Inc., and in favor of the Plaintiffs in the total amount of $ 74,734.26, representing both actual and liquidated damages (Doc. 98).[1]  Judgment was entered the following day (Doc. 99).  On August 15, 2013, the Court granted the Plaintiffs' Motion for Final Default Judgment including Attorney's Fees and Costs (Doc. 104), and awarded the Plaintiffs $ 61,927.50 in attorney's fees and $ 8,847.53 in costs. Judgment was entered the following day (Doc. 105) and amended judgments were entered on August 27, 2013 (Doc. 109-110).

To date the Judgments have not been satisfied.  As a result, on November 21, 2013, the Plaintiffs filed a Motion for Order of Impleader and Proceedings Supplementary (Doc. 111), seeking to have Prime Staff and Staff America impleaded into this case for the purposes of collecting on the judgments which remain unsatisfied and unexecuted.

On December 12, 2013, the Court granted the Plaintiffs' motion (Doc. 112).  The Court found that the Plaintiffs had submitted evidence supporting their contention that Prime Staff and Staff America are successor entities to Defendant A+ Nursetemps and are subject to successor liability under the Fair Labor Standards Act.  The Court further found that the Plaintiffs had complied with the requirements of Fed. R. Civ. P. 69 and Fla. Stat. § 56.29, and that all due process concerns had been satisfied – specifically

---

[1]All proceedings against Michael Arthur have been stayed pursuant to a Suggestion of Bankruptcy filed on June 13, 2013 (Doc. 95), and 11 U.S.C. § 362.  There is nothing in the Court's record suggesting that A+ Nursetemps ever filed for bankruptcy.

that Prime Staff and Staff America had notice of this lawsuit through their principal, Michael Arthur.

The Court then directed the Clerk to reopen this case, and to implead Prime Staff and Staff America into this action for the purpose of post-judgment supplementary proceedings in aid of execution (Doc. 112). The Court also directed the Plaintiffs to serve their Motion for Order of Impleader and Proceedings Supplementary (Doc. 111) along with a copy of this Order on Prime Staff and Staff America in accordance with Fed. R. Civ. P. 4, and to file proof of service with the Court. Following service of process, the Court also provided the Plaintiffs the opportunity to file a motion for issuance of a show cause order to Prime Staff and Staff America as to why this Court should not order the judgments in this case (Docs. 109-110) to be levied and executed against them (Id.). See Gaggio v. Lake Austin Properties I, Ltd., 2011 WL 6987077 (M.D. Fla. Dec. 21, 2011); Morningstar Healthcare, L.L.C. v. Greystone & Co., Inc., 2008 WL 1897590 (M.D. Fla. April 28, 2008).

On December 18, 2013, the Plaintiffs filed proof of service of service as to both Prime Staff and Staff America (Docs. 114-115). That same day, the Plaintiffs filed their "Motion for Order to Show Cause to Impled Defendants Prime Staff Holdings, LLC and Staff America Health, Inc. As to Why Court Should Not Order Judgments to be Levied and Executed Against Them" (Doc. 116). Before the Court could rule on that motion, however, Prime Staff and Staff America filed the present motion to dismiss (Doc. 119).

## **Standard of Review**

-3-

Prime Staff and Staff American first argue that this action should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Such motions can be premised upon either a facial or factual challenge to the complaint. McElmurray v. Consol. Gov't of Augusta-Richmond County, 501 F.3d 1244, 1251 (11th Cir. 2007) (citing Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981)).[2] A "facial attack" on the complaint "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)). On the other hand, factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." Id. (quoting Menchaca, 613 F.2d at 511). In a factual attack, the presumption of truthfulness afforded a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach and, where the elements of the underlying cause of action are not implicated, the court is free to weigh the evidence. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999); Goodman v. Sipos, 259 F.3d 1327, 1331 n. 6 (11th Cir. 2001).

_____

[2]The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit announced prior to October 1, 1981. Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Prime Staff and Staff America are clearly making a factual attack on jurisdiction as they rely on extrinsic evidence and affidavits and go beyond the four corners of the Complaint.  The factual attacks, however, do not implicate the underlying elements of the Plaintiffs' claims – that is, the Court will not have to address whether the Plaintiffs are actually entitled to collect on their judgment from Prime Staff or Staff America.  Therefore, the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  See Scarfo, 175 F.3d at 960.

In the event the Court finds that it has subject matter over this impleader action, Prime Staff and Staff American also argue that the Plaintiffs have failed to state a claim for relief under Fed. R. Civ. P. 12(b)(6).  In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate."  Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968).  For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences that might be drawn from such allegations.  Speaker v. U.S. Dep't of Health & Human Servs., 623 F.3d 1371, 1379 (11th Cir. 2010); Jackson v. Okaloosa County, Fla., 21 F.3d 1532, 1534 (11th Cir.1994).  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

In order to avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" and that rises "above the speculative level." Speaker, 623 F.3d at 1380 (citing Twombly, 550 U.S. at 570, 127 S. Ct. at 1964–65, 1974).  A claim is facially plausible "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Id.  (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)).  The plausibility standard requires that a plaintiff allege sufficient facts to nudge his "claims across the line from conceivable to plausible."  Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65).

## Discussion

### I.      Subject Matter Jurisdiction

Prime Staff and Staff America first argue that this Court lacks both diversity and federal question jurisdiction over this matter as it pertains to these Impled Defendants. With respect to diversity jurisdiction under 28 U.S.C. § 1332, Prime Staff and Staff America point out that they are both citizens of Florida because they are incorporated in Florida, and Florida is their principal place of business; and that the Plaintiffs are also

citizens of Florida.  As such there is no diversity of citizenship – a point the Plaintiffs do not challenge.

With respect to federal question jurisdiction under 28 U.S.C. § 1331, Prime Staff and Staff America argue that this is not really an FLSA case because all FLSA questions have already been resolved.  And to the extent it is merely a collections action, Prime Staff and Staff America argue that the legal issues before the Court all involve pure questions of state law – namely the collections process set forth in Fla. Stat. § 56.29 and Fla. R. Civ. P. 1.190(d).

Prime Staff and Staff America ignore Rule 69 of the Federal Rules of Civil Procedure, which provides a federal court with the authority to enforce its judgments and explicitly requires the Court to apply state law to post-judgment enforcement proceedings.

> A money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1).

The judgment the Plaintiffs seek to enforce was issued in a case in which this Court had original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the FLSA (Docs. 2, 109-110).  There is no question that this Court had subject matter jurisdiction to issue the judgment, and there can also be no question that this Court has subject matter jurisdiction to enforce its judgment.  The plain language of Fed. R. Civ.

P. 69 says as much.  Moreover, "a federal court may exercise ancillary jurisdiction '(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.'" Peacock v. Thomas, 516 U.S. 349, 354, 116 S. Ct. 862, 867 (1996) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 379-80, 114 S. Ct. 1673, 1676 (1994)).  "[T]he use of ancillary jurisdiction in subsequent proceedings [is reserved] for the exercise of a federal court's inherent power to enforce its judgments.  Without jurisdiction to enforce a judgment entered by a federal court, 'the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.'" Id. at 356, 116 S. Ct. at 868 (quoting Riggs v. Johnson County, 6 Wall. 166, 187, 18 L.Ed. 768 (1868)).

To be sure, this Court will rely on the Florida procedures for execution of the judgment.  However, the Court's reliance on those state procedures does not destroy this Court's subject matter jurisdiction.  See, e.g., Gaggio, 2011 WL 6987077 at *2-3; Morningstar Healthcare, 2008 WL 1897590 at * 1-2.  Prime Staff and Staff America's motion to dismiss for lack of subject matter jurisdiction will be Denied.

## II.    Failure to State a Claim

Prime Staff and Staff America next argue for dismissal on the ground that the Plaintiffs have failed to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

Specifically, Prime Staff and Staff America contend that the Plaintiffs have not properly given them notice of the FLSA claim against them, or established successor liability under the FLSA.  The Court has reviewed the Plaintiffs' interpleader motion papers (Doc. 111), which were served on both Prime Staff and Staff America (Docs. 114-115), and finds that the motion papers clearly give notice of both the nature of the Plaintiffs' FLSA claim, and the basis for alleging successor liability against both Prime Staff and Staff America.  See Teed v. Thomas & Betts Power Solutions, L.L.C., 711 F.3d 763 (7th Cir. 2013).  The Court held as much in its December 12, 2013 Order (Doc. 112).

Moreover, the question of whether or not successor liability exists is not at issue at this point in the interpleader proceedings.  The granting of interpleader relief does not determine the substantive rights of any party but merely allows third parties to be sued.  Kobarid Holding, S.A. v. Reizen, 2007 WL 14294 at * 3 (S.D. Fla. Jan. 2, 2007).  "By impleading the third party defendants, the Court does not imply any liability on the part of the third parties."  Gaggio, 2011 WL 6987077 at * 2 (quoting Kovacs v. Nat'l Hebrew Glatt, Inc., 2008 WL 3851464 at * 6 (S.D. Fla. Aug. 14, 2008)). Rather, Prime Staff and Staff America will have a chance to challenge successor liability, as well as to raise any other defenses they wish the Court to consider.

Further weighing against dismissal is the fact that Prime Staff and Staff America have raised the question at the Rule 12(b)(6) motion to dismiss stage, at which point the Court's review is limited solely to the four corners of the pleadings.  However, in order to address the successor liability issue, the Court would have to convert the

present motion to one filed under Fed. R. Civ. P. 56, and go beyond the pleadings to consider affidavits, depositions, and other evidence.  Such an analysis should be made in this instance at the summary judgment or trial stage, following the completion of discovery, if any.  Prime Staff and Staff America's motion to dismiss for failure to state a claim will therefore be denied.

## Conclusion

Accordingly, upon due consideration, Impled Defendants Prime Staff Holdings, LLC's and Staff America Health, Inc.'s Motion to Dismiss (Doc. 119) is DENIED.  Within twenty (20) days from the date of this Order, the Parties shall submit a joint case management report detailing the discovery, if any, the Parties require in order to address the issues in this impleader action, as well as a briefing schedule for resolution of all issues.  Following submission of this joint case management report, the Court will issue an abbreviated  case management and scheduling order, or such other orders as the Court finds necessary and appropriate.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 10th day of February, 2014.

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy