UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 5:11-CV-416-OC-10-TBS

SALLY HATFIELD, TRACI IVELENE
GLAUSIER, VICTORIA LIVENGOOD,
And similarly situated individuals,

      Plaintiffs,

v.

A+ NURSETEMPS, INC., a Florida for Profit
Corporation doing business as NURSETEMPS,
INC., PRIME STAFF HOLDINGS, LLC, and
STAFF AMERICA, INC, as successor entities,

      Defendants.
_____/

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW

The Plaintiffs, TRACI IVELENE GLAUSIER, VICTORIA LIVENGOOD, and similarly situated individuals, by and through the undersigned counsel, hereby file this their response to the Defendants, PRIME STAFF HOLDINGS, LLC and STAFF AMERICA, INC.s Motion for Summary Judgment (Doc. 129), and in support thereof would show:

### STATEMENT OF FACTS

Plaintiffs were formerly employees of A+ NURSETEMPS, INC., within the meaning of the FLSA. A+ NURSETEMPS, INC., was a healthcare staffing agency. Michael Arthur was the principal of Defendant, A+ NURSETEMPS, INC. A print out from the State of Florida Secretary of State Division of Corporations reflecting this fact is attached hereto as Exhibit "A."

1

Plaintiffs, who were all healthcare workers, were provided work shifts by A+ NURSETEMPS, INC. at various healthcare facilities with whom A+ NURSETEMPS, INC. had contracts including but not limited to, the Florida Department of Corrections and Hospice of Marion County.

Plaintiffs regularly worked in excess of 40 hours per week but were never paid overtime by A+ NURSETEMPS, INC., because A+ NURSETEMPS, INC, classified them incorrectly as independent contractors.

The initial Complaint was filed in the State Circuit Court of Citrus County, Florida and was assigned Case Number 2011-CA-2227. The Complaint alleged unpaid and owed overtime wages by Defendant, A+ NURSTEMPS, INC., to Plaintiffs in violation of the Fair Labor Standards Act. Michael Arthur was served with the Complaint on June 28, 2011. The Complaint was ultimately removed to this Court via Defendants Notice of Removal on July 19, 2011. A copy of Defendant's Notice of Removal along with the State Court summons showing a service date on Michael Arthur of June 28, 2011 is attached hereto as Composite Exhibit "B".

Approximately six weeks after being served with this lawsuit, Michael Arthur formed a Limited Liability Company called PRIME STAFF HOLDINGS, LLC, on September 7, 2011. A copy of the electronic Articles of Organization for the company is attached to the second deposition of Michael Arthur that was taken in this case on June 17, 2014 as Exhibit "7."[1]

On or about September 9, 2011, during the pendency of this lawsuit, Michael Arthur made overtures to purchase STAFF AMERICA and entered into a Stock Purchase Agreement on October 24, 2011. Copies of the Letter of Intent to purchase STAFF AMERICA and the Stock Purchase Agreement are attached to Michael Arthur's second deposition as Exhibits "8" and "9"

---

[1] Michael Arthur has given two depositions in this case. The first deposition was attached to Plaintiff's Motion for Impleader and was previously filed with this Court. Michael Arthur's second deposition, which was taken on June 17, 2014 is being filed contemporaneously with this response.

respectively.

Mr. Arthur then applied on behalf of his company, STAFF AMERICA, INC. to the Florida Secretary of State Division of Corporations for authorization to transact business in Florida on November 10, 2011. A copy of the application is attached to the second deposition of Michael Arthur as Exhibit "11")[2]

Both Michael Arthur and PRIME STAFF HOLDINGS, LLC are listed as officers/directors of STAFF AMERICA. A printout from the State of Florida Division of Corporations reflecting this fact is attached to Plaintiffs' previously filed Motion for Order of Impleader (Doc. 111) as Exhibit "C".

At or about the same time that Mr. Arthur created PRIME STAFF HOLDINGS, LLC and acquired Staff America Health, Inc., he was winding down the business of Defendant, A+ NURSETEMPS, INC, even though he knew that this action was still pending and that a Judgment had not yet been entered by the Court. A+ NURSETEMPS, INC. ceased to operate on May 3, 2013. (See first deposition of Michael Arthur, page 38, lines 1 through 11, Doc. 111, Exhibit "D".)

Judgments were entered against A+ NURSETEMPS, INC. in this case on June 21, 2013 (Doc. 99- 100), August 16, 2013 (Doc. 105) and August 27, 2013 (Doc. 109 – 110).

Mr. Arthur was operating Staff of America Health, Inc. both before and after the judgments were entered with no interruption to his nurse staffing business operations. Staff America is both a nurse registry and a health care services pool and provides staffing for nurses in the health care industry just like A+ NURSETEMPS, INC. did.

---

[2] The terms "Staff America, Inc." and "Staff America Health, Inc." which are used during Michael Arthur's second deposition testimony refer to the same company. Defendant Staff America, Inc. is a foreign for profit corporation conducting business in the State of Florida. However, since another Florida corporation is using that name, Staff America, Inc. goes by the name of Staff America Health, Inc. occasionally during its Florida operations.

During his second deposition testimony on June 17, 2014, Arthur testified with respect to this issue as follows:

(Michael Arthur's second deposition page 46)

7. Q. Isn't it true that Staff America is both a

8. nurse registry and a health care services pool?

9. A. Correct.

10. Q. Same as A+ Nurse Temps, Inc.'s was right?

11. A. Yes.

Michael Arthur never told his employees at A+ NURSETEMPS, INC. including the Plaintiffs in this case, that he had created PRIME STAFF HOLDINGS, LLC. (Michael Arthur's second deposition page 55, lines 3 through 8.)

Michael Arthur also never told any of his employees at A+ NURSETEMPS, INC. including the Plaintiffs in this case, that he had made an offer to purchase STAFF AMERICA. He stated that none of the health care workers including Plaintiffs working for A+ NURSETEMPS had any say in the negotiations and/or purchase of STAFF AMERICA. (Michael Arthur's second deposition page 55, lines 9 through 20).

A+ NURSETEMPS and STAFF AMERICA have several of the same clients (Michael Arthur's second deposition page 63, lines 9 through 17.)

On April 26, 2013 STAFF AMERICA subleased real property A+ NURSETEMPS, INC. A copy of the commercial sublease agreement is attached to the second deposition of Michael Arthur as Exhibit "14".

Michael Arthur as president of A+ NURSETEMPS, INC. then wrote a letter to himself as president of STAFF AMERICA terminating the lease on May 3, 2013. A copy of the letter is

attached to the second deposition of Michael Arthur as Exhibit "15".

Approximately 111 health care workers who were employed by A+ NURSETEMPS now work for STAFF AMERICA. Michael Arthur created a table which demonstrates this fact. A copy of the table he created is attached to his second deposition as Exhibit "16".

## MEMORANDUM OF LAW

### I. Summary judgment standard

"In ruling on a motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponents are indulgently treated." 6 Moore's at Federal Pra. 56.15 (3), pages 2123 – 2126. *See also, EEOC v. Macmillan Bloedel Containers, Inc.*, 503 F.2d 1086 (6th Cir. 1974).

In the instant case, the undisputed facts cited herein satisfy the common law tests for successor liability in labor cases including FLSA matters in the Eleventh Circuit. When these facts are viewed in the light most favorable to Plaintiffs, it becomes clear that Defendants' Motion for Summary Judgment must be denied.

### II. Plaintiffs' undisputed facts satisfy the common law successor liability test for labor cases including the FLSA

First, it is important to note that the United States District Court, Southern District of Florida has found that a cause of action for successor liability exists under the FLSA in the Eleventh Circuit. "As a matter of first impression, causes of action for successor liability exist under the FLSA in the Eleventh Circuit." *Cuervo v. Airport Services, Inc.*, 984 F. Supp. 2d 1333 (S.D. Fla. 2013).

In the *Cuervo*, case the Plaintiffs, former employees who were car cleaners for rental car companies at a Miami airport, sued their employers' successor alleging it was liable for its

predecessor's FLSA violations. The successor moved to dismiss and the successor's motion to dismiss was denied. In its opinion, the *Cuervo,* Court discusses the common law successor liability test in labor cases and applies it in the FLSA context.

"In determining whether successor liability exists in the labor context, the Eleventh Circuit adopted the Sixth Circuit's balancing of the interest test in *EEOC v. Macmillan Bloedel Containers, Inc.,* 503 F.2d 1086 (6th Cir. 1974), which set out in more detail the Supreme Court's successor liability test in Federal labor law cases. *See In Re: Nat'l. Airlines, Inc.,* 700 F.2d. at 698." *Cuervo v. Airport Services, Inc.,* 984 F. Supp. 2d 1333 (S.D. Fla. 2013).

Under this balancing of the interest test, the Court must consider, "whether (1) the successor employer had prior notice of the claim against the predecessor; (2) the Court must look at whether the predecessor is able to provide the relief requested; (3) whether there has been a substantial continuity of business operations; (4) whether successor uses same plant; (5) whether successor uses same or substantially same workforce; (6) whether successor uses same or substantially the same supervisory personnel; (7) whether same jobs exist under substantially same working conditions; (8) whether successor uses same machinery, equipment and methods of production; and (9) whether successor produces same product." *See EEOC v. Macmillan Bloedel Containers, Inc.,* 503 F.2d 1086 (6th Cir. 1974); *see also In Re: Nat'l. Airlines, Inc.,* 700 F.2d. 695.

First, there is no question as to whether PRIME STAFF HOLDINGS, LLC or STAFF AMERICA, INC. had notice of the prior claim against their predecessor A+ NURSETEMPS, INC. The undisputed material facts show that Michael Arthur was a principal of all three companies (see Exhibit "A" attached hereto, Exhibit "7" to Michael Arthur's deposition, and Exhibit "C" to Plaintiffs' previously filed Motion for Impleader). Further, Mr. Arthur was

served with this lawsuit on June 28, 2011, approximately six weeks before he formed Defendant PRIME STAFF HOLDINGS, LLC and then Defendant STAFF AMERICA, INC. (see Composite Exhibit "B" attached hereto). Therefore, the first element of the common law successor liability test adopted by the Eleventh Circuit and applied to FLSA cases by the *Cuervo,* Court has been satisfied.

Secondly, there is no question as to whether the Defendants in this action are better positioned to provide the relief requested than the initial Defendant A+ NURSETEMPS, INC. Mr. Arthur testified that A+ NURSETEMPS, INC. wound down its operations on May 3, 2013 (Arthur's first deposition page 38, lines 1 through 11). As such, the only entities that Plaintiffs can pursue to try to recover on their judgment are the Defendants in this impleader action.

The next element of the common law successor liability test, namely whether there has been a substantial continuity of business operations has also been satisfied. A+ NURSETEMPS was a health care staffing agency. STAFF AMERICA, INC. is also a health care staffing agency (see Arthur's second deposition, page 46, lines 7 through 11) and both entities have Michael Arthur as their principal.

Further, there is evidence that both entities had an interest in the same office space/physical plant, which satisfies the fourth element of the common law successor liability test. On April 26, 2013, STAFF AMERICA subleased real property from A+ NURSETEMPS, INC. (Exhibit "14" of Michael Arthur's second deposition).

The undisputed facts also establish that Defendant STAFF AMERICA and PRIME STAFF HOLDINGS, LLC used the same workforce. Approximately 111 health care workers were employed by both A+ NURSETEMPS, INC. who now work for STAFF AMERICA (Exhibit "16" of Michael Arthur's second deposition).

Moreover, STAFF AMERICA and PRIME STAFF HOLDINGS, LLC use the same or substantially the same supervisory personnel as its predecessor, A+ NURSETEMPS, INC. because Mr. Arthur is the officer/director of both entities.

Lastly, there are no genuine issues of material fact as to whether the same jobs exist under similar working conditions. Mr. Arthur testified during his second deposition that A+ NURSETEMPS and STAFF AMERICA have several of the same clients. (Michael Arthur's second deposition page 63, lines 9 through 17.) Furthermore, given the fact that 111 former employees of A+ NURSETEMPS are now working for STAFF AMERICA, it is clear that the same jobs exist at the same places.

There can be no question given the abundance of undisputed material facts that the common law successor liability test has been met. As such, Defendants motion for summary judgment when construed in the light most favorable to non-moving Plaintiffs must be denied.

### III. A lack of merger or asset transfer does not preclude a finding of successor liability

The question as to whether a transfer of assets is necessary for successor liability to exist is clearly answered in the negative by the cases cited in this memorandum. In the *EEOC v. Macmillan* case, the Plaintiff filed charges of race and sex discrimination with the EEOC against the original defendant company. At some point later, the Macmillan company took over operation of the original defendant company's facility and was made a party but, "the nature of the transaction between Flintkote (the original defendant company) and Macmillan does not appear in the record." *EEOC v. Macmillan Bloedel Containers, Inc.*, 503 F.2d 1086 (6th Cir. 1974). The issue as to whether a transfer of assets occurred was therefore not given great importance.

Furthermore, the *Cuervo* Court specifically held that, "employees did not have to allege

8

there was merger or transfer of assets between companies for successor liability to exist." *Cuervo v. Airport Services, Inc.*, 984 F. Supp. 2d 1333 (S.D. Fla. 2013).

Lastly, Defendant cites to *Coffman v. Chugach Support Servs., Inc.*, 411 F.3d 1231 (11th Cir. 2005), in support of its argument that there must be a merger or transfer of assets for successor liability to exist. However, the United States District Court for the Southern District of Florida disagrees that the *Coffman* case applies in FLSA successor liability cases. The Court in *Cuervo* stated that, "*Coffman* dispenses with a different legal issue … *Coffman* involved the statutory interpretation of what a successor in interest means under USERRA. The instant case results from an FLSA action for successor liability which … involves the application of Federal common law." *Cuervo v. Airport Services, Inc.*, 984 F. Supp. 2d 1333 (S.D. Fla. 2013).

## IV.   Conclusion

The elements of the Federal common law successor liability test in labor cases including FLSA claims have been met and Defendants' motion for summary judgment should be denied. Further, the absence of a merger or transfer of assets does not preclude the existence of a predecessor successor relationship in FLSA cases, and Defendants are not entitled to summary judgment in this matter.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and exact copy of the foregoing will be furnished via electronic mail through the ECF to J. Theodore Schatt, Esquire, Schatt & Hesser, PA, 328 NE 1st Avenue, Suite 100, Ocala, FL 34470, this 23rd day of September, 2014.

BLANCHARD, MERRIAM,
ADEL & KIRKLAND, P.A.

By: _____
EDWIN A. GREEN, III, ESQUIRE

9

                                            Florida Bar Number 0606111
                                            Post Office Box 1869
                                            Ocala, Florida  34478
                                            Telephone:  (352) 732-7218
                                            Attorneys for Plaintiffs
                                            tgreen@bmaklaw.com
                                            lcaldwell@bmaklaw.com