UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SALLY HATFIELD, TRACI IVELENE
GLAUSIER, VICTORIA LIVENGOOD, and
similarly situated individuals,

                Plaintiffs,

-vs                                          Case No. 5:11-cv-416-Oc-10PRL

A+ NURSETEMPS, INC., PRIME STAFF
HOLDINGS, LLC, STAFF AMERICA, INC.,

                Defendants.
_____/

# O R D E R

This case is before the Court on the Plaintiffs' Motion for Attorney's Fees and Costs (Doc. 156), to which the Impled Defendants Prime Staff Holdings, LLC ("Prime Staff") and Staff America, Inc. ("Staff America") have filed a response in opposition (Doc. 162).[1] Upon due consideration, and for the reasons discussed below, the motion is due to be granted as to the Plaintiffs' entitlement to fees. Ruling will be temporarily reserved with respect to the amount of fees due the Plaintiffs.

## Procedural History

On June 20, 2013, the Court granted the Plaintiffs' Motion for Partial Summary Judgment in this Fair Labor Standards Act ("FLSA") unpaid overtime compensation collective action (Doc. 83-1), and directed the Clerk to enter judgment against Defendant

---

[1] A+ Nursetemps ceased operations in May 2013. It has not filed a response to the present motion.

A+Nursetemps, Inc., d/b/a Nursetemps, Inc., ("A+ Nursetemps") and in favor of the Plaintiffs in the total amount of $ 74,734.26, representing both actual and liquidated damages (Doc. 98).[2] Judgment was entered the following day (Doc. 99). On August 15, 2013, the Court granted the Plaintiffs' Motion for Final Default Judgment including Attorney's Fees and Costs (Doc. 104), and awarded the Plaintiffs $ 61,927.50 in attorney's fees and $ 8,847.53 in costs. Judgment was entered the following day (Doc. 105) and amended judgments were entered on August 27, 2013 (Doc. 109-110).

The Defendant did not satisfy the judgments, and on November 21, 2013, the Plaintiffs filed a Motion for Order of Impleader and Proceedings Supplementary (Doc. 111), seeking to have Prime Staff and Staff America impleaded into this case for the purposes of collecting on the judgments which remain unsatisfied and unexecuted. On December 12, 2013, the Court granted the Plaintiffs' motion (Doc. 112). The Court reopened the case, and litigation moved forward on the proceedings supplementary, including motions to dismiss, discovery, motions for summary judgment, and a bench trial.

On May 1, 2015, the Court issued a Memorandum Opinion holding that Prime Staff and Staff America are successors in interest to A+ Nursetemps, and that such entities are liable to the Plaintiffs for the amended judgments (Docs. 109-110). The Court directed the

---

[2]All proceedings against Michael Arthur have been stayed pursuant to a Suggestion of Bankruptcy filed on June 13, 2013 (Doc. 95), and 11 U.S.C. § 362. There is nothing in the Court's record suggesting that A+ Nursetemps ever filed for bankruptcy.

Clerk to reenter the judgments adding Prime Staff and Staff America as judgment debtors (Doc. 153).  The judgments were so entered on May 5, 2015 (Docs. 154-155).[3]

The Plaintiffs subsequently filed the present motion for attorney's fees and costs on May 7, 2015.

## Discussion

The Plaintiffs seek $36,786.75 in attorney's fees and $4,995.79 in costs pursuant to Fed. R. Civ. P. 69, which provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1).

There is no federal statute applicable to the present case, and the Plaintiffs therefore rely upon Fla. Stat. § 56.29(11):

> Costs for proceedings supplementary shall be taxed against the defendant as well as all other incidental costs determined to be reasonable and just by the court including, but not limited to, docketing the execution, sheriff's service fees, and court reporter's fees.  Reasonable attorney's fees may be taxed against the defendant.

There is no dispute that the litigation to implead Prime Staff and Staff America constitutes proceedings supplementary under both Fed. R. Civ. P. 69 and Fla. Stat. §

---

[3]Prime Staff and Staff America have moved to stay enforcement of the judgments pending appeal (Doc. 161), however that motion is not yet ripe for disposition.

56.29(11). Thus it would appear that Florida law authorizes an award of attorney's fees and costs to the Plaintiffs in this case. Prime Staff and Staff America disagree.

Citing two Florida appellate court decisions, Prime Staff and Staff America contend that the Plaintiffs cannot recover fees against them because Fla. Stat. § 56.29(11) only allows for attorney's fees and costs to be levied against the original judgment debtor, not against impleaded parties. See Kingston Corp. Grp. of Florida v. Richard Kleiber Walter Kleiber P'ship, 127 So. 3d 802 (Fla. Dist. Ct. App. 2013); Rosenfeld v. TPI Int'l Airways, 630 So. 2d 1167 (Fla. Dist. Ct. App. 1993). Both Kingston and Rosenfeld hold that impleaded parties are not liable for attorney's fees and costs in proceedings supplementary; rather only the judgment debtor can be held liable. See 127 So. 3d at 804; 630 So. 2d at 1168-69. However, this is where the similarities to the present case end. The Plaintiff in Kingston impleaded two parties to void fraudulent asset transfers and to obtain the transferred assets in satisfaction of a judgment. 127 So. 3d at 804. In Rosenfeld, the court held that fees cannot be assessed against "implied, non-debtor defendants." 630 So. 2d at 1169. Neither decision addressed the situation presented in this case – where the Court impleaded parties who were the successors in interest to the original judgment debtor and judgment was entered against the impeaded parties making them judgment debtors. See Doc. 153, p. 15. The Court therefore is not persuaded by either decision cited by Prime Staff and Staff America.[4]

---

[4]The Court has conducted its own review of state court decisions addressing Fla. Stat. §
(continued...)

Rather, the Court believes the better analysis is that applied by the Southern District of Florida in Parrot, Inc. v. Nicestuff Distrib. Int'l., Inc., 2010 WL 680948 (S.D. Fla. Feb. 24, 2010).  The plaintiff in Parrot sought to execute a judgment, and in proceedings supplementary, impleaded a corporation and three individuals.  The court determined that the impled defendants were in fact the alter egos of the original judgment debtor, and that these impleaded parties were liable to the plaintiff to the same extent as the original defendant.  Parrot, 2010 Wl 680948 at * 3-4.  The court further determined that the plaintiff could recover attorney's fees and costs from the impled defendants under Fla. Stat. § 56.29(11) because the impled defendants "have been found to be alter egos of judgment debtor . . . .   Thus, for purposes of liability, these Impled Defendants stand in the same shows as [the original defendant], and are liable to the same and full extent as [the original defendant]."  Id. at 11, n. 8.  See also Broward Marine, Inc. v. S/V Zeus, 2010 WL 1524778 at * 3 (S.D. Fla. Apr. 15, 2010) (refusing to levy attorney's fees and costs against impled defendants where they were not found to be the alter ego of the original judgment debtor).

Similar to Parrot, the Court in this case held that Prime Staff and Staff America are the successors in interest to the original judgment debtor (A+ Nursetemps) so that the successors stands in the shoes of the predecessor and are liable as judgment debtors for the same debt in the same manner and to the same extent as A+ Nursetemps.  As such,

---

[4](...continued)
56.29(11), and has not found any case addressing the award of attorney's fees and costs when the impleaded parties become themselves judgment debtors.

the Court finds that the Plaintiffs are entitled to recover their attorney's fees and costs incurred during the supplementary proceedings from both Prime Staff and Staff America.

## **Conclusion**

Accordingly, upon due consideration, Plaintiffs' Motion for Attorney's Fees and Costs (Doc. 156) is GRANTED IN PART. The Court finds that the Plaintiffs are entitled to an award of attorney's fees and costs pursuant to Fed. R. Civ. P. 69 and Fla. Stat. § 56.29(11), to be levied against A+ Nursetemps, Prime Staff Holdings, LLC and Staff America, Inc. The Court will reserve ruling on the amount of fees and costs to be awarded.

The Court notes that Prime Staff and Staff America only focused on the issue of entitlement in their opposition brief (Doc. 162) and did not address the reasonableness of the fees and costs requested. The Court will therefore allow them, if they so choose, to file a response addressing the reasonableness of the Plaintiffs' requested fees and costs within **fourteen (14) days** from the date of this Order. Any such response must comply with the dictates of Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) and ACLU v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999), including specifically identifying any hours that are duplicative or unnecessary, and/or explaining with supporting evidence why the rates requested are unreasonable. The Court will then take the issue under submission for decision with or without such further proceedings as the Court may direct.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 9th day of June, 2015.

*[signature]*

**UNITED STATES DISTRICT JUDGE**

Copies to:   Counsel of Record
             Mari Jo Taylor